24-3073
*Y.S. v. New York City Dep't of Education*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of October, two thousand twenty-five.

PRESENT:
>    BETH ROBINSON,
>    SARAH A. L. MERRIAM,
>        *Circuit Judges.*[*]

_____

Y.S., INDIVIDUALLY AND ON BEHALF OF S.F., A CHILD WITH A DISABILITY,

>    *Plaintiff-Appellant,*

>            v.                                        No. 24-3073

NEW YORK CITY DEPARTMENT OF EDUCATION,

>    *Defendant-Appellee.*

_____

_____

[*] Circuit Judge Alison J. Nathan, originally a member of the panel, is temporarily unavailable. The appeal is being decided by the remaining members of the panel, who are in agreement. *See* 2d Cir. IOP E(b).

FOR APPELLANT: BENJAMIN M. KOPP, Cuddy Law Firm, P.L.L.C, Auburn, NY.

FOR APPELLEE: JENNIFER LERNER, Of Counsel (Richard Dearing, Rebecca L. Visgaitis, Of Counsels, *on the brief*) *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cronan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on November 21, 2024, is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED**.

Plaintiff Y.S. appeals the district court's grant of summary judgment to the Defendant New York City Department of Education (the "DOE"). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

## I. BACKGROUND

Y.S. is the mother of S.F., a bilingual twelve-year-old girl with autism and ADHD. New York participates in the IDEA, and therefore, is obligated to provide a free appropriate public education ("FAPE") "to all children with disabilities." 20

U.S.C. § 1412(a)(1). Participating states must provide a child with special education and related services according to the child's individual education program ("IEP"). 20 U.S.C. §§ 1414(d)(1)(A), 1401(9)(D), 1401(14). New York law places the responsibility of developing a child's IEP on local Committees on Special Education ("CSE"). N.Y. Educ. Law § 4402(1)(b)(1).

After the DOE's initial evaluation of S.F., a CSE was convened to develop her IEP for the 2018–2019 school year. The CSE recommended a 12:1+1[1] special class placement in a district specialized school, occupational therapy ("OT"), physical therapy ("PT"), and speech-language therapy ("SLT"). And it recommended that all the services be delivered in English.

Y.S. disagreed with the evaluation, in part because it was conducted in English, and filed a Due Process Complaint ("DPC") seeking independent educational evaluations ("IEEs") of S.F. In February 2020 an impartial hearing officer ("IHO") issued a decision (the "February 2020 Decision") ordering the DOE to fund several independent bilingual evaluations including a neuropsychological

---

[1] Such a placement requires a classroom ratio of no more than twelve students to one teacher and one paraprofessional.

evaluation, functional behavioral assessment, PT evaluation, and SLT evaluation. The DOE did not transmit that February 2020 Decision to Y.S. until June 2020.

In the meantime, in April 2020, the DOE issued S.F. a special education remote learning plan in response to the COVID-19 pandemic. For the 2020–2021 school year, S.F. continued in the same district specialized school with instruction provided remotely.

Between the expiration of S.F.'s April 2018 IEP in April 2019, and October 2020, no IEP was in effect, but S.F. continued to receive services. S.F.'s CSE reconvened in October 2020 to develop her IEP for the 2020–2021 school year. The CSE recommended a twelve-month school program delivered in English consisting of a 12:1+1 special placement in a non-specialized district community school as well as OT, PT, and SLT.

The CSE met next in April 2021 to develop S.F.'s IEP for the 2021–2022 school year. The CSE recommended, among other things, a twelve-month program consisting of a 12:1+1 special class placement in a district-approved nonpublic school. Class instruction and services were to be provided in English, but the IEP included SLT services to be provided in Spanish.

After a period during which the April 2021 IEP was not implemented, the parties agreed that the DOE would fund private school tuition and weekly bilingual SLT ("B-SLT") for the 2021–2022 school year. In January 2022, S.F. began attending private school pursuant to a court-approved settlement between Y.S. and the DOE.

In May 2022, Y.S. filed the Due Process Complaint in this case alleging that the DOE failed to provide S.F. with a FAPE from May 16, 2020, to December 31, 2021. After a five-day hearing, the IHO denied all of Y.S.'s requested relief.

On appeal, a state review officer ("SRO") affirmed the IHO's decision in part. However, the SRO concluded that because the DOE failed to implement the April 2021 IEP from May 4 to December 31, 2021, S.F. was entitled to 15.5 hours of PT services and 150 hours of compensatory education services for that period, to be used within two years of the SRO's decision.

Y.S. appealed the SRO's decision to the Southern District of New York. After the parties cross-moved for summary judgment, the district court granted summary judgment to Y.S. in connection with her challenges arising from the DOE's delayed transmission to Y.S. of the February 2020 Decision, denied summary judgment to either party on the question whether the October 2020 IEP

denied S.F. a FAPE insofar as it did not include PT services, and awarded summary judgment to DOE on all other issues. *Y.S. v. New York City Department of Education*, No. 1:23-cv-07317, 2024 WL 4355049, at *23 (S.D.N.Y. Sept. 30, 2024). On remand from the district court, the SRO concluded that the failure to timely transmit the February 2020 Decision was a procedural violation, but that S.F. was not entitled to an additional award of PT services for the 2020–21 school year. Y.S. did not challenge this conclusion and timely appealed the district court's judgment awarding summary judgment to DOE on the remaining issues.

## II.    DISCUSSION

We review the district court's grant of summary judgment in an IDEA case without deference to its reasoning. *R.E. v. New York City Dep't of Educ.*, 694 F.3d 167, 184 (2d Cir. 2012). However, our role as a reviewing court "is circumscribed." *M.H. v. New York City Dep't of Educ.*, 685 F.3d 217, 240 (2d Cir. 2012).[2] We "must engage in an independent review of the administrative record and make a determination based on a preponderance of the evidence." *Id.* However, our

---

[2] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

review "is by no means an invitation to . . . substitute [our] own notions of sound educational policy for those of the school authorities which [we] review." *Id.*

Generally, courts "defer to the final decision of the state authorities." *Id.* at 241. "Deference is particularly appropriate when the [SRO]'s review has been thorough and careful." *Id.* However, the administrative factual findings "must be reasoned and supported by the record to warrant deference." *Id.* And in our review of the district court's IDEA decision, "deference to administrative proceedings is particularly warranted where the district court's decision was based solely on the administrative record." *Id.* "Where the IHO and the SRO disagree, reviewing courts are not entitled to adopt the conclusions of the state reviewer according to their own policy preferences or views of the evidence; courts must defer to the reasoned conclusion of the SRO as the final state administrative determination." *Cruz v. Banks*, 134 F.4th 687, 693 (2d Cir. 2025).

*A. Bilingual Speech and Language Therapy (B-SLT)*

The district court upheld the SRO's denial of Y.S.'s claim for compensatory B-SLT for the 2018–2019 and 2019–2020 school years on the alternative bases that (1) the claim was time-barred and (2) the IHO did not err in determining that the

7

exclusion of bilingual SLT services did not result in the denial of a FAPE. We need not address the statute of limitations, because we affirm on the merits.

The IHO's decision on this point rests on a thorough and reasoned consideration of the evidence presented.[3] The DOE relied primarily on the testimony and progress reports of a teacher who worked with S.F. from 2018–2021; the teacher testified that S.F.'s comprehension was far stronger in English, and the student did not need bilingual services. Y.S. relied primarily on a report prepared in September 2020 by two experts who had never worked with S.F.; the IHO noted that Y.S.'s expert's evaluation did not state that S.F.'s dominant language is Spanish. The IHO made a reasoned decision to credit the DOE's evidence.

The district court properly afforded that conclusion its due deference. If the IHO or SRO decision is "reasoned and supported by the record," then "[d]istrict courts are not to make subjective credibility assessments, and cannot choose between the views of conflicting experts on controversial issues of educational policy in direct contradiction of the opinions of state administrative officers who had heard the same evidence." *M.H.*, 685 F.3d at 240–41; *see also id.* at 244

---

[3] The SRO did not reach this issue, because it held the claim to be time-barred. "[C]ourts should defer to the IHO's analysis when considering an issue not reached by the SRO." *C.F. ex rel. R.F. v. New York City Dep't of Educ.*, 746 F.3d 68, 77 (2d Cir. 2014).

(explaining that the deference due to an SRO or IHO decision is greatest when that decision concerns substantive educational issues).

The fact that the teacher's observations and opinions did not carry the day for purposes of the *April 2021* IEP does not undermine our conclusion. IEPs are developed through a collaborative process that incorporates the perspectives of numerous stakeholders; judgment calls are required to balance those perspectives and recommendations to form the final IEP, and a student's needs and capabilities may evolve over time. Y.S. points to no caselaw holding that the DOE was barred from presenting, or the IHO was precluded from crediting, a teacher's testimony regarding S.F.'s needs and progress during the 2018–2019 and 2019–2020 school years on the basis that S.F.'s April 2021 IEP did not conform to that teacher's recommendations.

Nor did the SRO err in concluding that the IHO decision relied on testimony of the Assistant Principal regarding S.F.'s progress and test scores. Y.S. points to discrepancies between the 2019 SANDI assessment scores reflected on a DOE exhibit that included the underlying SANDI records and lower scores for the same test listed in S.F.'s October 2020 IEP. But Y.S. never cross-examined the Assistant Principal to establish that the *higher* scores were the ones in error, and, as the SRO

held, the Assistant Principal's testimony also relied on other assessment scores, about which there were no discrepancies.

### B. *Absence of IEP from May 2020 to October 2020*

We agree with the district court that insofar as S.F. was receiving services, the bare absence of an effective IEP is a procedural error that does not by itself constitute an ongoing denial of a FAPE. *Cf. T.K. v. New York City Dep't of Educ.*, 810 F.3d 869, 875 (2d Cir. 2016) ("Not every violation of these procedural safeguards rises to the level of the denial of a FAPE."). As the district court concluded, "[N]owhere in the due process complaint notice does Y.S. . . . explain how, in light of the provision of these services, [S.F.] was denied a FAPE during this period." *Y.S.*, 2024 WL 4355049, at *18. Y.S.'s DPC seeks compensatory services—relief that would follow from the denial of services required to provide a FAPE, but not from the bare absence of an IEP. For that reason, the district court did not err in affirming the SRO's denial of Y.S.'s challenge to the bare absence of an IEP.

### C. *Failure to Remand B-SLT and Academic Claims, and Challenges to October 2020 IEP*

In her DPC, one ground upon which Y.S. sought relief was that the DOE "significantly impeded" S.F's comprehensive evaluation by failing to timely

10

deliver to Y.S. the February 2020 IHO decision ordering various independent bilingual evaluations. Conf. App'x 13. As the district court recognized, Y.S. alleged in her DPC "that this failure rendered S.F.'s IEP inadequate by obscuring [her] purported needs for certain academic interventions as well as bilingual SLT and PT services." *Y.S.*, 2024 WL 4355049, at *13. The district court rightly concluded that the SRO erred in concluding that these challenges were actually related only to "enforcement or review of the February 2, 2020" decision and were thus beyond the scope of this proceeding. *Id.* at *14. And without taking a position on the merits of this aspect of Y.S.'s charge, the court indicated it would remand to the SRO to address these issues in the first instance. *Id.*

Later in its decision, in connection with Y.S.'s challenge to the absence of PT services in the October 2020 IEP, the district court recognized that the SRO's assessment was based only on the information available at the time of the October 2020 IEP and did not consider the impact of the delayed PT IEE noted above. *Id.* at *20. So the court indicated it would remand for the SRO to consider whether the 2020 IEP's exclusion of PT services denied S.F. a FAPE in conjunction with Y.S.'s claim that the DOE's delay in sending the February 2020 decision impeded S.F.'s right to a FAPE. *Id.*

In its concluding paragraph, the district court granted summary judgment to Y.S. *"with regard to the SRO's exclusion of allegations concerning her request for independent educational evaluations,"* and denied summary judgment to both parties "on the issue of whether the October 2020 IEP, in failing to provide physical therapy services, denied S.F. a free and appropriate public education." *Id.* at *23 (emphasis added). It directed the SRO to "consider Y.S.'s claim regarding whether the DOE timely acted on Y.S.'s request for independent educational evaluations and, only to the extent required by any determination on that issue, to consider the adequacy of the October 2020 IEP with respect to its failure to include a mandate for physical therapy services." *Id.*

Given that the district court awarded summary judgment *to Y.S.* with regard to the SRO's failure to consider her allegations regarding the effect of the delayed IEEs on a FAPE for S.F., *id.*, and given the district court's express indication above that it would remand for the SRO to consider Y.S.'s allegations that the delayed IEEs "rendered S.F.'s IEP inadequate by obscuring [S.F.'s] purported needs *for certain academic interventions as well as bilingual SLT and PT services,"* *id.* at *13 (emphasis added), we do not interpret the district court's admittedly ambiguous closing language to limit the scope of the remand *only to issues relating to Y.S.'s*

12

*claim for PT services*. In light of the district court's own thoughtful discussion regarding Y.S.'s allegations that the delayed IEEs impacted academic interventions and SLT services, such an interpretation would be error.

But on remand, that's how the SRO interpreted the district court's order. It considered only the impact of the delayed IEEs on S.F.'s receipt of PT services. Accordingly, neither the district court nor the SRO has ruled on the claims in Y.S.'s DPC that the DOE's delay in transmitting the February 2020 Decision denied S.F. a FAPE by rendering the October 2020 IEP inadequate with respect to academic and B-SLT services. The district court should remand to the SRO (again) so the SRO may conduct this analysis as described in the district court's decision. *Id.* at *13–14.

### D. *Extension of the Compensatory Education Timeline*

In its decision, the district court noted, "It appears that Y.S. no longer seeks an extension of the SRO's two-year deadline for use of the compensatory education award." *Id.* at *12 n.10. It did not expressly conclude that she had abandoned the claim. Y.S. contends that she does still seek the extension. Y.S. Br. at 41. Although she does not deny that her summary judgment memorandum does not address the issue, she notes that she included the request in her

complaint, and she argues that the uncertainty created by the DOE's cross-appeal of the decisions below delayed her ability to draw on the banked hours. On remand, the district court should determine in the first instance whether Y.S. abandoned her request, and, if not, whether it should be granted.

\* \* \*

For the above reasons, the district court's judgment is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** so the district court may issue a ruling as to Y.S.'s request for an extension of the timeline to use the awarded compensatory hours and may remand to the SRO for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court